UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| RODNEY DAVIS | ) | |
| | ) | No.    1:08-cv-206/1:02-cr-151 |
| v. | ) | |
| | ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA | ) | |

### **MEMORANDUM**

Rodney Davis ("Davis") has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Crim. Court File No.284). A review of the record reflected that a notice of appeal, which was incorrectly identified as simply a notice, was filed on January 31, 2008 (Crim. Court File No. 254). The Court discovered this error and a District Court Clerk correctly refiled the notice identifying it as a notice of appeal, on September 30, 2008 (Crim. Court File No. 286).

Davis' direct criminal appeal was docketed in the United States Court of Appeals for the Sixth Circuit on October 1, 2008, and is presently pending before the Sixth Circuit in Case No. 08-6173. After reviewing the record and the applicable law the Court concludes that the motion for post conviction relief will be **DENIED**. Consequently, Davis' motions to compel the government to respond to his § 2255 motion are also **DENIED** (Crim. Court File No. 289, 290).

Davis' conviction has not become final for purposes of the one-year limitation period under 28 U.S.C. § 2255 since he presently has an appeal pending. Consequently, he has prematurely filed his § 2255 motion. Absent extraordinary circumstances, a district court should not entertain a § 2255 motion while a direct appeal from the same conviction is still pending. *United States v. Milledge*, 109 F.3d 312, 315 (6th Cir. 1997);United *States v. Diaz-Martinez,* 71 F.3d 946, 953 (1st Cir. 1995); *United States v. Buckley,* 847 F.2d 991, 993 n.1 (1st Cir. 1988), *cert. denied,* 488 U.S. 1015 (1989); *United States v. Esposito,* 771 F.2d 283, 288 (7th Cir. 1985), *cert. denied,* 475 U.S.

1011 (1986); *United States v. Davis,* 604 F.2d 474, 484 (7th Cir. 1979); *United States v. Gordon,* 634 F.2d 638, 639 (1st Cir. 1980); *Womack v. United States,* 395 F.2d 630, 631 (D.C. Cir. 1968). *See also, Gray v. United States,* 82 F.3d 418 (6th Cir. 1996) (unpublished table decision), *available in* 1996 WL 160792; *United States v. Leggett,* 23 F.3d 409 (6th Cir. 1994) (unpublished table decision), *available in*1994 WL 171441, at*1, *2; *Bishop v. United States,* 914 F.2d 1494 (6th Cir. 1990), (unpublished table decision), *available in*1990 WL 140602. The orderly administration of justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending, unless there are existing extraordinary circumstances that warrant consideration of the defendant's § 2255 motion during the pendency of the direct appeal. *United States v. Diaz-Martinez,* 71 F.3d at 953. Whether extraordinary circumstances exist is a question answered by balancing the need for speedy relief against the need for conservation of judicial resources. *United States v. Robinson,* 8 F.3d 398, 405 (7th Cir. 1993); *United States v. Davis,* 604 at 484.

Nothing approaching an extraordinary circumstance is apparent in the motion or the record in this case. Accordingly, the Court concludes that the motion for post conviction relief will be **DENIED WITHOUT PREJUDICE.**[1]

SO ORDERED.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[1] *See United States v. Jenkins,* 4 Fed. Appx. 241 (6th Cir. Feb. 6, 2001) (unpublished decision), *available in* 2001 WL 128435, at *1. (The district court denied defendant's first § 2255 motion without prejudice because his direct appeal was pending. When the defendant sought permission from the Sixth Circuit to file a second § 2255 motion the Sixth Circuit determined it was not necessary because the first § 2255 motion was not dismissed on the merits. Therefore, the Sixth Circuit transferred the case back to the district court for further proceedings.)